IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY JOSEPH PODLUCKY *and*
KARLA SUE PODLUCKY,

     *Plaintiffs*,

 v.

UNITED STATES OF AMERICA,

     *Defendant*.

Civil Action No. 2:23-cv-1899

Hon. William S. Stickman IV
Hon. Cynthia Reed Eddy

## **ORDER OF COURT**

For years, *pro se* Plaintiff Gregory Joseph Podlucky ("Mr. Podlucky") has been filing actions to collaterally attack his federal criminal conviction for fraud, money laundering and income tax evasion and his ensuing twenty-year sentence of imprisonment. His wife, *pro se* Plaintiff Karla Sue Podlucky ("Mrs. Podlucky"), who was convicted of money laundering and sentenced to imprisonment for a term of fifty-one months, has also become a prolific litigant. Now, they have brought an action against the United States of America alleging that its "employee," United States Senior District Judge Alan Bloch, violated the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 1402(b), § 2401(b) and §§ 2671-1680 ("FTCA"), when presiding over their criminal cases. (ECF No. 6).

Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation recommending that Plaintiffs' complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 7). Plaintiffs were given the opportunity to file objections to Magistrate Judge Eddy's Report and Recommendation, and they did so. (ECF Nos. 10 and 11).

After its independent *de novo* review of the entire record, the Court hereby ADOPTS Magistrate Judge Eddy's Report and Recommendation (ECF No. 7) as its Opinion. It concurs with her thorough legal analysis of Plaintiffs' claims, her legal conclusions, and her recommendations. It has independently reached the same legal conclusions. Furthermore, the Court would note that even assigning Plaintiffs the accrual dates of their respective sentencing dates – October 20, 2011 for Mr. Podlucky and April 26, 2012 for Mrs. Podlucky – their FTCA claims fall well outside the two-year statute of limitations set forth in 28 U.S.C. § 2401(b). Thus, their FTCA claims are time barred.

The Court hereby OVERRULES Plaintiffs' Objections (ECF Nos. 10 and 11).

AND NOW, this _16_ day of April 2024, IT IS HEREBY ORDERED that Plaintiffs' complaint (ECF No. 6) is dismissed WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[1]

Plaintiffs filed seven civil lawsuits in this district in 2023. Their pattern of conduct has caused the expenditure of countless resources, judicial and otherwise. The Court takes this opportunity to echo what Magistrate Judge Eddy stated: "Plaintiffs are on notice [ ] that if future filings regarding this matter are frivolous or brought for the purpose of harassment" sanctions may be imposed. (ECF No. 7, p. 7). Under the All Writs Act, 28 U.S.C. § 1651, a district court can enjoin a litigant from future filings "to preclude abusive, groundless and vexatious litigation." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982); *see also Matter of Packer Ave.*

---

[1] The Court holds that permitting Plaintiffs any further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2021).

*Associates*, 884 F.2d 745, 747-48 (3d Cir. 1989); *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).   Plaintiffs are hereby advised that should they continue to file repetitive, frivolous or harassing lawsuits, they may be subject to the entry of a vexatious litigant order that would require them to obtain permission from the Court before filing future lawsuits.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE